T.C. Summary Opinion 2002-40


UNITED STATES TAX COURT


BARRY JOHN AND DEBORAH LEE HOUSTON MANGELS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9628-00S.            Filed April 15, 2002.


Barry John and Deborah Lee Houston Mangels, pro se.

<u>Monica J. Miller</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.
Unless otherwise indicated, subsequent section references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and

Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax for 1997 of $7,896, an addition to tax under section 6651(a)(1) of $1,974, and an accuracy-related penalty under section 6662 of $1,579. The issues for decision are: (1) Whether Barry Mangels (petitioner) had unreported nonemployee compensation of $27,429; (2) whether petitioner worked as an independent contractor subject to self-employment tax; (3) whether petitioners failed to file a timely Federal income tax return without reasonable cause; and (4) whether petitioners are subject to an accuracy-related penalty under section 6662. Petitioners conceded receipt of $11,471 of unreported income. Petitioners did not dispute or present evidence as to adjustments in the notice of deficiency increasing interest income and cancellation of indebtedness income. Accordingly, we deem these issues to be conceded.

## Background

The stipulation of facts and accompanying exhibits are incorporated herein by reference. Petitioners resided in Sarasota, Florida, at the time their petition was filed in this case.

During the second half of 1997, petitioner worked as a "handyman" on a few projects for John Salvatore Parziale (Sal Parziale). Petitioner performed tile work, painting, and spackle

work.  Sal Parziale was employed as a supervisor with Joseph Williams Homes Construction Co. (JWH), a subsidiary of the Italian Brothers Construction Co. (IBC).  Sal Parziale's brother, Joseph Parziale, was president of both IBC and JWH.

The projects involved the restoration of houses damaged by flood or fire for which payment was made to JWH by insurance companies.  Petitioner was hired by Sal Parziale to work on three projects.  He worked on the "Roach" project, a house damaged by fire, the "Penny" project, a water damaged trailer, and the "Wise" project on which he did some painting.  Petitioner was paid for his work after the insurance companies paid JWH.

Petitioners' 1997 Federal Income tax return was received and date stamped by the Commissioner on September 4, 1998. Petitioners did not report any income from JWH and the Parziale brothers.  Sal Parziale sent to petitioner and the Commissioner Form 1099-MISC, Miscellaneous Income, reporting nonemployee compensation paid to petitioner of $27,429 for 1997.

The notice of deficiency determined an increase in petitioners' income of $27,429, which was the amount reflected on Form 1099-MISC.  The petition states that "Barry Mangels worked for John Salvatore Parziale and made $6,000 not $27,429."  At trial, petitioner conceded that he received $11,471 in income in 1997 from Sal Parziale by way of checks.

## Discussion

Unreported Income

The parties agree that petitioner earned income in 1997 for work performed for JWH and Sal Parziale that was not reported on petitioners' Federal income tax return. We must decide the proper amount.

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). Under section 6201(d), if a taxpayer, in a court proceeding, asserts a reasonable dispute with respect to the income reported on an information return and fully cooperates with the Secretary (including providing access to an inspection of all witnesses, information, and documents within the control of the taxpayer as reasonably requested by the Secretary), then the Secretary shall have the burden of producing reasonable and probative information in addition to such information return. See Tanner v. Commissioner, 117 T.C. 237 (2001); McQuatters v. Commissioner, T.C. Memo. 1998-88.

Petitioner challenged the accuracy of the information provided to the Commissioner in the Form 1099-MISC. It appears that petitioner has reasonably cooperated with the Commissioner. As discussed in greater detail below, at trial, respondent introduced evidence in the form of testimony of and business records from Joseph Parziale in response to petitioners' allegation that the Form 1099-MISC was inaccurate. Although we find that the evidence in the record is not fully credible, we

conclude that respondent has met his burden of production. Therefore, we shall weigh the evidence in the record on its merits.

Respondent asserts that petitioner worked as a contractor for JWH and received payments in cash as well as by check. Respondent called Joseph Parziale as a witness. Joseph Parziale kept the records of the company. He testified that petitioner was a subcontractor for the company on the Roach, Penny, and Wise projects. Through Joseph Parziale, respondent introduced what purports to be a summary of JWH records on which the Form 1099-MISC was based.

Joseph Parziale did not produce any underlying records for the Penny project. The underlying record for the Wise project is a folder that lists amounts allegedly paid to petitioner but includes no dates of payment or other details corroborating the witness's testimony.

The underlying records of the Roach project are more detailed and have dates for several items. The records contain additions, subtractions, and sums without an identified payee. The underlying records reflect fewer payments to petitioner than reflected in the summary records.

Joseph Parziale testified that JWH made cash payments to petitioner. At one point during petitioner's testimony, the Court directly asked petitioner: "Did you ever get paid any cash in 1997?", to which petitioner replied: "None at all." Yet in

the petition petitioners admitted that "Mr. Mangels was an employee and usually paid by personal check or in cash."  We find petitioner's testimony to be lacking in credibility.

We note that petitioner did not provide any records as to income or expenses relating to work performed for Sal Parziale or JWH.  Further, petitioner did not report any income from either of these two sources on his Federal income tax return for 1997. The records produced by respondent's witness, Joseph Parziale, did not accurately represent actual amounts paid to petitioner. The witness described the amounts reflected on folders for various projects as amounts "bid" on a project.  The witness further indicated that amounts were paid in part to petitioner and in part to other workmen (alleged subcontractors of petitioner).

We conclude, based on this record, that in addition to $11,471 of omitted income conceded by petitioner, he received an additional $8,000 (total omitted income from this source of $19,471).

Employee or Independent Contractor

An independent contractor is subject to self-employment tax under section 1401.  Sec. 1402(a).  Whether an individual is an employee or independent contractor is a factual question to which common law principles apply.  Secs. 3101, 3121(d)(2); Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992); Weber v. Commissioner, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th

Cir. 1995); Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988). Factors that are relevant in determining the substance of an employment relationship include: (1) The degree of control exercised by the principal over the details of the work; (2) the taxpayer's investment in the facilities used in his or her work; (3) the taxpayer's opportunity for profit or loss; (4) the permanency of the relationship between the parties; (5) the principal's right of discharge; (6) whether the work performed is an integral part of the principal's regular business; (7) the relationship the parties believe they are creating; and (8) the provision of employee benefits. NLRB v. United Ins. Co., 390 U.S. 254, 258 (1968); United States v. Silk, 331 U.S. 704, 716 (1947); Weber v. Commissioner, supra at 387; Profl. & Executive Leasing, Inc. v. Commissioner, supra at 232; see also sec. 31.3121(d)-(1)(c)(2), Employment Tax Regs. (setting forth criteria for identifying employees under the common law rules).

Because no single factor is dispositive, the Court must assess and weigh all incidents of the relationship. Nationwide Mut. Ins. Co. v. Darden, supra at 324. The factors are not weighed equally; they are weighed according to their significance in the particular case. Aymes v. Bonelli, 980 F.2d 857, 861 (2d Cir. 1992).

Respondent's witness, Joseph Parziale, testified that petitioner worked as a subcontractor for JWH. Petitioner offered

no evidence that he was an employee other than to conclude in his testimony that "I was an employee." Petitioner also testified that he was just a laborer and did not have any employees.

Based on the facts in the record, we sustain respondent's determination that petitioner was self-employed as an independent contractor for JWH in 1997. Petitioners are liable for self-employment tax under section 1401 on the income received from Sal Parziale and JWH during 1997.

Addition To Tax for Failure To File a Timely Return

Respondent determined an addition to tax under section 6651(a)(1) for petitioners' failure to file timely a Federal income tax return for 1997. Petitioners' tax return was received by the Commissioner on September 4, 1998. The return preparer's signature is dated August 4, 1998. Petitioners' signatures are not dated. Petitioner testified that he filed for an extension of time to file the return. He did not retain a copy of the request for an extension or produce evidence of the date the request was made or of the date he mailed the return. Petitioners have not presented any evidence that the delinquent filing was due to reasonable cause. Respondent's determination that petitioners are liable for the addition to tax under section 6651(a)(1) is sustained.

Accuracy-Related Penalty

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a) and (d)(1). The

accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to, among other choices, any substantial understatement of income tax.  Sec. 6662(a) and (b)(2).  A taxpayer has a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10 percent of the tax required to be shown on the return for the taxable year or $5,000.  Sec. 6662(d)(1)(A).

The penalties provided for in section 6662 are not imposed on any portion of an underpayment if it is shown that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to that portion.  Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs.  Whether the taxpayer has acted with reasonable cause and in good faith is determined by relevant facts and circumstances, including the taxpayer's own efforts to assess his proper tax liability.  Sec. 6664(c); <u>Stubblefield v. Commissioner</u>, T.C. Memo. 1996-537.

Petitioners do not dispute adjustments in the notice of deficiency including omitted wage income of $144, omitted interest income of $15, and omitted cancellation of debt income of $1,141.  Also, at trial petitioners conceded omitted income received from Sal Parziale or JWH of $11,471.  Further, we concluded that petitioner received an additional $8,000 from this source.  Petitioners did not provide any explanation as to the failure to report these items of income.  We conclude that

petitioners did not have reasonable cause for the understatement of tax, and they are liable for the accuracy-related penalty if the Rule 155 computation results in an understatement of more than $5,000.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.